FILED: 3/11/2020 9:49 AM
David Trantham
Denton County District Clerk
By: Kristie Kaviani, Deputy

Cause No. __20-2331-393_____

| | | |
|---|---|---|
| Martha Larkin | § | In the ____ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| Union Security Insurance Company and | § | |
| Sun Life Assurance Company of Canada | § | Denton County, Texas |

## PLAINTIFF'S ORIGINAL PETITION
### (with Discovery Requests)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Martha Larkin** (820/423) (hereinafter called Plaintiff) complaining of and about **Union Security Insurance Company and Sun Life Assurance Company of Canada** (hereinafter called Defendants), and for cause of action shows unto the Court the following:

### SERVICE

1.     Defendant **Union Security Insurance Company** (Union Security) is an insurance company, doing business in the State of Texas.  Said Defendant can be served through its attorney for service: <u>Corporation Service Company, 211 E. 7TH Street, Suite 620, Austin, TX 78701-3218</u>.

2.     Defendant **Sun Life Assurance Company of Canada** (Sun Life) is an insurance company, doing business in the State of Texas.  Said Defendant can be served through its attorney for service: <u>C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284</u>.

### JURISDICTION

3.     The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $1,000,000.00 but less than $2,000,000.00.

### VENUE

4.     Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Denton County is proper in this cause in that it is where the beneficiary resides.

### AGENCY AND VICARIOUS LIABILITY.

5.     Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing

or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

**WRITTEN NOTICE GIVEN.**

6.      Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

7.      Notice letter was issued December 2019, and this lawsuit is being filed after the expiration of 60 days.

**FACTS**

8.      On March 18, 2017, Plaintiff had an insurance policy providing long-term disability (LTD) benefits in the event she became disabled. (Attached to this petition and incorporated herein for all purposes as if verbatim is **Exhibit A**.)

9.      On March 18, 2017, Plaintiff experienced a brain hemorrhage causing her to become disabled.

10.      Plaintiff sought and was paid short-term disability (STD) benefits.

11.      When Plaintiff's STD benefits were exhausted Plaintiff sought and was granted LTD benefits.

12.      In a letter dated June 25, 2019, Defendants informed Plaintiff that LTD benefits were ceasing due to Plaintiff no longer being disabled. (Attached to this petition and incorporated herein for all purposes as if verbatim is **Exhibit B**.)

13.      In a letter dated December 9, 2019, Plaintiff asked for the claims file to be sent and asked for ninety additional days for time to appeal, after the claims file was received.

14.      Defendant acknowledged the December 9, 2019, request for an extension of time, refused to send the file and refused to extend the time to appeal.

15.      On December 19, 2019, Plaintiff responded to the claim denial with the only information with which she could respond to Defendants denial. (Attached to this petition and incorporated herein for all purposes as if verbatim is **Exhibit C**.)

16.      Defendants have not responded to the appeal, in spite of the LTD Plan requiring them to do so within 45 days.

**VIOLATIONS OF THE TEXAS INSURANCE CODE**

17.      Plaintiff incorporates herein all the FACTS as set forth above.

18.   Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

a.   TIC § 541.060(a)(1):  Defendants have violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling Plaintiff she is no longer eligible for LTD benefits when those reasons are not correct., i.e. see **Exhibit C**.

b.   TIC § 541.060(a)(2)(A):   Defendants have violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the Defendant's liability has become reasonably clear in that research on Defendant's part would show that the information as shown in **Exhibit C**.

c.   TIC § 541.060(a)(7):  Defendants have violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show the information contained in **Exhibit C**.

## BREACH OF CONTRACT

19.   Plaintiff incorporates herein all the FACTS as set forth above.

20.   Defendant's conduct in this matter appears to be in Breach of Contract, as follows:

21.   There is a valid, enforceable contract of insurance between Defendants and Plaintiff.

22.   Plaintiff is a proper party to bring this lawsuit against Defendants.

23.   Plaintiff has performed under the contract by paying premiums and cooperating with Defendants investigation and supplying Defendant with necessary information.

24.   Defendants have breached the contract they have with Plaintiff by ceasing providing benefits.

25.   Defendants' breach of the contract has caused injury to Plaintiff.

## PROMPT PAYMENT OF CLAIMS ACT

26.   Plaintiff incorporates herein all the FACTS as set forth above.

27.   Defendant had all the information needed to continue to pay Plaintiff's claim on June 25, 2019.  As a result, this claim should have been continuously paid.

28.   Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

## DAMAGES.

29.     Plaintiff incorporates herein all the FACTS as set forth above.

30.     Plaintiff sustained the following economic and actual damages as a result of the actions
and/or omissions of Defendant described herein:

    a)      Plaintiff's Long-term Disability benefits should be continued from June 2019 and
    thereafter.

## DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:

31.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **Defendants Union Security
Insurance Company and Sun Life Assurance Company of Canada** are each requested to
disclose, within fifty (50) days of service of this request, the information or material as set forth
in R.194.2(a) through R.194.2(l).  A response to a request under Rule 194.2(f) is due according
to Rule 195.2 of the Texas Rules of Civil Procedure.

32.     The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule
191.3, and delivered to the undersigned attorney.  If a Defendant fails to comply with the
requirements above, the Court may order sanctions against such Defendant in accordance with
the Texas Rules of Civil Procedure.

## DISCOVERY – REQUEST FOR PRODUCTION TO DEFENDANT:

33.     Pursuant to Rule 196 of the Texas *Rules of Civil Procedure*, **Plaintiff** serves upon each
Defendant, these production requests:

    **Request No. 1:**      Please produce a certified copy of the policy or in lieu thereof a
    true and correct copy of policy made the basis of this lawsuit.

    **Request No. 2:**      Please produce a copy of the entire claims file related to Plaintiff's
    claim for Long-Term Disability benefits.

34.     Within fifty (50) days after service of the Requests, Defendant shall serve a written
response to the Requests for Production and produce the documents and tangible things
identified; except as otherwise indicated. Defendant may attach copies of the requested
documents to the written response. Defendant is to supplement your responses to the Requests
for Production as required by Rule 196, Texas Rules of Civil Procedure. Said responses and
supplements thereto shall be delivered to **MARK S. HUMPHREYS, P.C.,** 702 Dalworth Street,
Grand Prairie, Texas 75050.

35.   <u>NOTICE PURSUANT TO RULE 196.</u>  You are hereby given Notice that all documents produced by you in response to this Request for Production may be used at the trial of this cause pursuant to Rule 196, Texas Rules of Civil Procedure.

## USE OF DOCUMENTS:

36.   Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## ATTORNEY'S FEES.

37.   Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## PRE-JUDGMENT INTEREST.

38.   As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

## POST JUDGMENT INTEREST.

39.   As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

## COSTS OF SUIT.

40.   In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

41.   Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

## REQUEST FOR JURY TRIAL

42.   Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

## PLEADING IN THE ALTERNATIVE

I.      Jurisdiction and Venue

A.      Plaintiff incorporates herein all the FACTS as set forth on page 2 of the pleadings.

B.      This action against Defendants arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et. seq.

C.      This Court has jurisdiction over this action pursuant to 29 U.S.C., § 1132(e)(1).

D.      Venue is proper in this District pursuant to 29 U.S.C., § 1132(e)(2), because this is where the insured resides.

II.     Factual Background

A.      Plaintiff had an employee benefit plan (Plan) with her employer that provided LTD benefits for its employees.

B.      The Plan is alleged to be subject to ERISA.

C.      At all times pertinent, Plaintiff was an employee and was a participant of the Plan, within the meaning of 29 U.S.C., §1002(7).

D.      Plaintiff suffered a brain hemorrhage on March 18, 2017.

E.      Plaintiff sought and obtained short-term disability (STD) benefits until they were exhausted.

F.      When Plaintiff's STD benefits were exhausted, Plaintiff sought and obtained LTD benefits.

G.      In a letter dated June 25, 2019, Defendants informed Plaintiff her LTD benefits were ceasing due to Plaintiff no longer being disabled.

H.      In the letter dated June 25, 2019, Defendant did not plainly assert the Plan was governed by ERISA.

I.      The letter merely stated, "If your claim is governed by.... ("ERISA"), then you have the right to bring a civil action under ERISA § 502(a) following an appeal decision that is not in your favor."

J.      The operative word is "If".

K.      Plaintiff's copy of the policy does not mention anything as to whether the plan is governed by ERISA nor does it mention Plaintiff's rights under ERISA.

L.      In a letter dated December 19, 2019, Plaintiff sought to have whether or not the plan was governed by ERISA to be clarified and to ask for additional time to file an appeal.

M.      Plaintiff also sought from Defendants copies of Plan documents that would prove the Plan does comply with the requirements of it being an ERISA plan.

N.      Defendant would not allow extra time for an appeal and Plaintiff timely perfected the appeal.

O.      The Defendant allowed themselves 45 days to respond to the appeal and as time of the filing of this complaint, almost 90 days have passed without a response by Defendant.

III.     Claim For Relief

A.      Plaintiff is entitled to LTD benefits under the Plan and has met the definition of disability contained in the Plan.

B.      Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Plan's requirements and with subsequent appeals.

C.      Defendant has failed to comply with the Plan requirements by refusing to rule on the appeal filed by Plaintiff.

D.      The Defendant is not granted discretion or such discretion is void under Texas law.  The standard of review is de novo and Defendant's decision to terminate Plaintiffs benefits was arbitrary and capricious.

E.      In the alternative, Defendant's decision to terminate Plaintiff's benefits was arbitrary and capricious.

F.      Pursuant to 29 U.S.C., § 1132(a)(1)(B), Plaintiff seeks from Defendant benefits that have not been paid to Plaintiff.

IV.      In The Alternative, Request For Remand

A.      In the alternative, Plaintiff seeks for Defendant to be Ordered to review Plaintiff's claim and to be given an additional 90 days to perfect an appeal and for Defendant to comply with the time limits for making a decision on the appeal.

B.      Defendant selected and utilized biased medical consultants to review Plaintiff's claim file.

C.      Pursuant to 29 U.S.C., § 1132(a)(1)(B), Plaintiff requests that the Court award Plaintiff benefits which have not been paid or in the alternative, remand this claim to Defendant so that it:

1)   Can identify the material necessary to perfect Plaintiff's claims and the reason why such information is necessary, and

2)   Can eliminate any conflict of interest and utilize unbiased record reviewers.

## V.   Attorney's Fees Pursuant To 29 U.S.C. § 1132(g)(1) Against Defendant

Pursuant to 29 U.S.C., §1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorney's fees in connection with the prosecution of this action.

## VI.   PRAYER

A.   Wherefore, Plaintiff requests that the Court order:

B.   Defendant to pay Plaintiff the full employee benefits incurred and unpaid at the time of trial;

C.   In the alternative, Plaintiff's claim be remanded to Defendant to comply with ERISA and/or the Policy as discussed herein;

D.   Defendant to pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff;

E.   Defendant to pay Plaintiff pre-judgment and post-judgment interest, and

F.   The Plaintiff to recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

In the Alternative,

## REQUEST FOR RELIEF - CLAIM FOR BENEFITS UNDER THE POLICY

43.   Plaintiff incorporates herein all the facts as set forth above.

44.   Plaintiff is entitled to Long-Term Disability benefits under the Plan as Plaintiff because there are no applicable exclusions.

45.   Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Plan including the appeal provisions.

46.   The standard of review is *de novo* as the Defendant is not granted discretion and/or such discretion is voided by Texas Law §28 Tex Admin. Code §3.1201 *et seq*. Defendant's decision to deny Plaintiff's claim was wrong.

47.   In the alternative, Defendant's decision to deny Plaintiff's claim was arbitrary and capricious particularly after receiving the materials Defendant received on Plaintiff's appeal.

48.     Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks from Defendant those benefits, which have not been paid to Plaintiff.

**PRAYER.**

49.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on March 9, 2020.

Respectfully submitted,

/s/     Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722  *      Fax.  (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney For Plaintiff**